# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WILLIAM WAYNE BROOKS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-556-SM |
| | ) | |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

William Wayne Brooks (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner Carolyn W. Colvin's (Commissioner) final decision that he was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). Chief United States District Judge Joe Heaton referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). Doc. 7. The parties then consented to having the undersigned conduct all further proceedings, including the entry of a final judgment. Doc. 20. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the undersigned reverses and remands the Commissioner's decision.

## I. Administrative proceedings.

Plaintiff applied for supplemental security income and disability income benefits, alleging his impairments became disabling on January 5, 2011 (an amended onset date). AR 130, 134, 465, 470. The Social Security Administration (SSA) initially and on reconsideration denied Plaintiff's claim. *Id.* at 62, 67, 75, 78. At Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 81-82. The ALJ denied Plaintiff benefits and the SSA Appeals Council declined Plaintiff's request for review. *Id.* at 1-5, 6-19, 122-29. This Court remanded for further administrative proceedings consistent with Judge Shon Erwin's Report and Recommendation. *Id.* at 551, 552-61; *see also id.* at 565. Judge Erwin found "[t]he ALJ's incomplete analysis of the treating physician's opinion requires reversal of the Commissioner's decision and remand for further proceedings." *Id.* at 559. After another hearing, the ALJ issued another unfavorable decision, and the Appeals Council declined review. *Id.* 465-77. Plaintiff now seeks review of the ALJ's final decision. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

2

than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a familiar five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a residual functional capacity (RFC)[1] assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 404.1545(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. The ALJ's findings.

Following the well-established five-step inquiry, the ALJ found: Plaintiff had not engaged in substantial gainful activity since January 5, 2011, the amended alleged onset date, and has the severe impairments of

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

3

disorder of the back, anxiety, depression, diabetes mellitus with neuropathy, migraines, right shoulder impairment, knee impairments, and high blood pressure. AR 467. The ALJ concluded Plaintiff has the RFC to perform light work with restrictions:

> With respect to lifting, carrying, pushing, and pulling, he is limited to 20 pounds occasionally and 10 pounds frequently. With respect to walking or standing, he is limited to 6 hours (combined total) of an 8-hour workday, with regular work breaks. He is able to sit for 6 to 8 hours (combined total) of an 8-hour workday, with regular work breaks. He is able to climb stairs only occasionally, is able to balance, bend or stoop, kneel, crouch, and crawl not more than occasionally, and is unable to climb ladders, ropes, and scaffolding. He is unable to reach above his head for work purposes. He is able to understand, remember, and carry out simple, routine, and some complex tasks allowing semi-skilled work. He is afflicted with symptoms from a variety of sources to include moderate complaints of pain and fatigue, variously described, of sufficient severity to be noticeable to him at all times, but nevertheless is able to remain attentive and responsive in a work-setting and is able to perform work assignments within the above-cite limits.

*Id.* at 469-70.[2] The ALJ then concluded Plaintiff could not perform his past relevant work but could perform the following occupations: security guard, routing clerk, and laundry sorter, and so, was not disabled. *Id.* at 475, 476-77.

---

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

4

## IV. Discussion

### A. Standard for review.

The court reviews the Commissioner's final "'decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied.'" *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (citation omitted); s*ee Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In reviewing the ALJ's opinion, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

### B. Alleged treating-physician errors.

While Plaintiff presents three claims of error, the undersigned orders remand because the ALJ failed to weigh the opinions of Dr. Mary Burgesser, Plaintiff's treating physician. Accordingly, the undersigned will not address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir.2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### 1. Treating-physician rule.

"Under the 'treating physician rule,'" the Commissioner "give[s] greater weight to the opinions of sources of information who have treated the claimant than of those who have not." *Hackett v. Barnhart*, 395 F.3d 1168, 1173-74 (10th Cir. 2005) (citation omitted); *see also* 20 C.F.R. §§ 404.1527(d)(2)), 416.927(d)(2). The court uses a two-step test to evaluate the ALJ's consideration of a treating physician's medical opinions. *See Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). First, the ALJ must consider whether the opinion is entitled to controlling weight because it is both "well-supported by medically acceptable clinical or laboratory diagnostic techniques" and consistent "with other substantial evidence in the record." *Id.* Second, if the treating physician's opinion does not receive controlling weight, the ALJ must "make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in [20 C.F.R. §§ 404.1527 and 416.927] . . . for the weight assigned." *Id.*

The court may deem an ALJ's failure to weigh a medical opinion to amount to harmless error if the opinion is "generally consistent" with the RFC determination. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). But, "this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision

itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir.2007); *see also Krauser*, 638 F.3d at 1331 ("[T]he ALJ's findings must be sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reason for that weight." (internal quotation marks omitted)).

2. **Analysis.**

In his assessment of Plaintiff's RFC, the ALJ considered a Medical Source Statement of Ability to Do Work-Related Activities (physical) completed by Mary Burgesser, M.D.: He correctly summarized the first step in the two-part analysis; he also listed the factors he was required to apply at the second step, citing 20 C.F.R. §§ 404.1527 and 416.927. AR 470-71. He did "not accord[] controlling weight" to Dr. Burgesser's opinions:

> Generally, more weight is afforded to the opinion of a treating source as the treating source is most often in the best position to provide a detailed, longitudinal picture of the claimant's medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings or one-time examinations. (20 CFR 404.1527, 20 CFR 416.927) If a treating source's medical opinion is well-supported and consistent with the other substantial evidence in the case record, it must be given controlling weight. (20 CFR 404.1527, 20 CFR 416.927, SSR 96-2p) When a treating source opinion is not afforded controlling weight, the following factors will be considered: the length of the treatment relationship and the frequency of treatment, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion, any relevant specialty of the treating source, and other relevant factors (20 CFR 404.1527, 20 CFR 416.927). Dr. Burgesser's Medical *Source Statement* dated January 5, 2011 *is*

> *not accorded controlling weight. Although the records at Exhibits 1F and 11F establish a lengthy sporadic treating relationship between the claimant and Dr. Burgesser, the treating relationship is based on the claimant's subjective complaints of back pain not fully supported by the medical evidence.* Furthermore, the evidence reveals that Dr. Burgesser's treating relationship with the claimant ended in November 22, 2010, two months before the claimant's amended alleged onset date of January 5, 2011. Dr. Burgesser's diagnosis was lumbar spine pain. Additional fusion was recommended, *but never pursued*. Dr. Burgesser's treatment records show the claimant was maintained on an outpatient basis with prescription Lortab. Motor strength remains normal. Treatment notes dated November 22, 2010 revealed the claimant reported improving pain. He indicated the pain was tolerable, yet he rated his pain at 7/10. Lortab was provided. Diagnosis included lumbar herniated disc.

*Id.* (second and third emphases added).

"This assessment of Dr. Burgesser's opinion is patently inadequate for the distinct reason that it ends halfway through the required two-step analysis . . . ." *Krauser*, 638 F.3d at 1331. The ALJ declined to give the opinion controlling weight "and then *said no more about* it." *Id.*

The Commissioner concedes "the ALJ did not explicitly state what weight (other than less than controlling weight) he was giving to Dr. Burgesser's opinion . . . ." Doc. 35, at 9. She claims "the omission is immaterial because, as Plaintiff recognizes, the ALJ implicitly rejected the opinion – it is inconsistent with the ALJ's ultimate RFC assessment . . . ." *Id.* After all, she argues, "the ALJ . . . stated that he had considered the medical evidence in accordance with the regulations and relevant Social Security

Rulings . . . ." *Id.*[3] And, the ALJ summarized Dr. Burgesser's opinion and then immediately discussed the evidence that [he] found inconsistent with the opinion . . . ." *Id.* In the Commissioner's view, "[b]ecause the Court can follow the ALJ's reasoning, any omission does not affect the outcome of this case." *Id.*[4]

The court is not so sanguine. It is equally possible to speculate that the ALJ's assessment of Plaintiff's RFC is inconsistent with Dr. Burgesser's

---

[3] While the ALJ stated that he had "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p and 06-3p," AR 470, he failed to accurately describe the regulatory requirements in his decision. When he explicated those requirements immediately prior to addressing Dr. Burgesser's treating physician's statement, he paraphrased the regulatory language governing the second step of the mandatory analysis: "When a treating source opinion is not afforded controlling weight, the following factors will be considered . . . ." *Id.* He listed those factors, *id.* at 470-71, and found that Dr. Burgesser's opinion "is not accorded controlling weight." *Id.* at 471. He then gave reasons for his finding. *Id.* What the regulations actually state, however, is that "[w]hen we do not give the treating source's opinion controlling weight, we apply the factors . . . *in determining the weight to give the opinion. We will always give good reasons in our . . . decision for the weight we give* [*a claimant's*] *treating source opinion.*" 20 C.F.R. § § 404.1527(b)(2), 416.927(b)(2) (emphasis added).

[4] To the contrary, the court can only guess at the ALJ's reasoning in this case, a case in which he should have made his reasoning abundantly clear. The ALJ knew that "[p]ursuant to the District Court remand order, the Appeals Council has directed the undersigned to completely analysis [sic] treating physician Dr. Mary Burgesser's opinion." AR 465. Yet, as with the ALJ before him, he only completed the first step of the two-part analysis.

9

opinion because the ALJ failed to

> remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2P, 1996 WL 374188, (July 2, 1996).

To the extent the Commissioner urges the court to conclude that despite the ALJ's failure to properly consider Dr. Burgesser's opinion evidence, this is "the right exceptional circumstance" "based on material the ALJ did at least consider (just not properly)" in which "to supply a missing dispositive finding under the rubric of harmless error"—that is, that Dr. Burgesser's opinions are entitled to no weight—the undersigned declines. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). As Judge Erwin noted:

> In her medical source statement Dr. Burgesser stated that she had been treating Plaintiff for back pain for ten years (TR. 458-461). Indeed, the record reflects that Plaintiff has regularly been attended by Dr. Burgesser and regularly prescribed narcotic pain medication for his back (TR. 392-457). The medical records reflect that Plaintiff had previously undergone back surgery, but that he needed another surgery to fuse his spine. Both in numerous progress notes and in her medical source statement, Dr. Burgesser stated her opinion that Plaintiff suffers chronic

> pain of the lumbar spine accompanied by pain in his lower extremities. Dr. Burgesser stated that the pain medication prescribed for Plaintiff makes him drowsy, that his condition would often interfere with his attention and concentration and that he would require a job that would allow him to shift from sitting to standing at will. She stated that Plaintiff could sit for about four hours in an eight-hour work day and stand/walk for about four hours in an eight-hour work day. As for exertional restrictions, Dr. Burgesser stated that Plaintiff could occasionally lift between ten and twenty pounds, but never more than twenty pounds, that he can never bend or twist, and that Plaintiff would likely have good and bad days (TR. 458-461).

*Id.* at 557.

Further,

> Dr. Burgesser's diagnosis of pain-producing degenerative disc disease is supported by objective evidence; an MRI showed degenerative disc disease, postoperative changes with a right laminectomy defect at L4-5, posterior facet hypertrophy, and posterior disc bulge at L5-S1 (TR. 416; 453).
>
> . . . . Dr. Burgesser's treatment notes reflect that Plaintiff was reluctant to undergo another back surgery based on his financial need to work and on his inability to pay for the surgery (TR. 254-256). Moreover, Dr. Burgesser still found it necessary to prescribe narcotic pain medication, even though on two occasions Plaintiff's pain had improved . . . . But for these isolated statements, however, the bulk of the treatment notes generated by Dr. Burgesser consistently reflect her acknowledgement that Plaintiff suffers chronic, severe pain (TR. 392-452).

*Id.* at 557-58.

In view of these facts, the court "could [not] confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen,* 357 F.3d at 1145.

## V. Conclusion.

The court reverses and remands the Commissioner's decision.

ENTERED this 27th day June, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE